UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-80651-ROSENBERG/REINHART

TREVOR PIESTER & LESLIE
PIESTER,

  Plaintiffs,

v.

FRANKLIN AMERICAN
MORTGAGE COMPANY,

  Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's Motion to Dismiss [DE 21]. Plaintiffs filed a Response. Defendant did not file a Reply. For the reasons set forth below, the Motion is granted.

### I.    FACTUAL ALLEGATIONS

Plaintiffs executed and delivered a mortgage to Defendant to secure a debt. DE 1 at 1-2. In the summer of 2018, Plaintiffs allege that Defendant communicated with them (both by mail and by phone) in an effort to collect upon Plaintiffs' debt. *Id.* Plaintiffs filed this suit, alleging in Count I and Count II that Defendant's mail correspondence was illegal debt collection activity and alleging in Count III and Count IV that Defendant's phone conversations were illegal debt collection activity. Defendant answered by filing the Motion to Dismiss before the Court, arguing that Plaintiffs' operative First Amended Complaint should be dismissed.

### II.    STANDARD OF REVIEW

When deciding a motion to dismiss, this Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff; however, a plaintiff is

still obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007). The facts as pled must state a claim for relief that is plausible on the face of the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009).

### III. ANALYSIS

Each of Plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") (Count I and Count III) and under the Florida Consumer Collections Practices Act (Count II and Count IV) require that Defendant engaged in debt collection activity. *See* 15 U.S.C. § 1962e; Fla. Stat. § 559.77(5). Defendant argues in its Motion that it did not engage in debt collection activity as a matter of law. To analyze Defendant's Motion, the Court first examines Plaintiffs' correspondence-based claims (Count I and Count II) and then turns to Plaintiffs' phone-based claims (Count III and Count IV).

Count I and Count II.

Plaintiffs' correspondence-based claims are premised upon loan statements Plaintiffs received in the mail from Defendant. Plaintiffs attached those statements to their Amended Complaint, alleging that the amounts on the statements were false and/or deceptive. The statements all follow the same format, and a sample statement appears below:

# Franklin American
## MORTGAGE COMPANY

PO Box 77404
Ewing, NJ 08628

**STATEMENT ENCLOSED**

| | |
|---|---|
| Statement Date: | 12/07/18 |
| Account Number: | 0087033445 |
| Payment Due Date | 01/01/19 |
| **Amount Due** | **$3,643.13** |

*If payment is received after 01/17/19, $59.83 late fee will be charged.*

TREVOR PIESTER
LESLIE PIESTER
137 KENSINGTON WAY
ROYAL PALM BEACH FL 33414-4315

### Contact Us
Customer Service/Pay By Phone: 877-863-1073
Website: www.famchomeloan.com
E-mail: franklinamerican@loanadministration.com

*Qualified Written Requests, notifications of error, or requests for information concerning your loan must be directed to PO Box 77423 Ewing NJ 08628*

### Account Information

| | |
|---|---|
| Property Address | 137 KENSINGTON WAY |
| | ROYAL PALM BEACH, FL 33414-4315 |
| Outstanding Principal | $234,900.70 |
| Deferred Principal | $0.00 |
| Escrow Balance | -$67.16 |
| Maturity Date | October 2046 |
| Interest Rate | 4.2500% |
| Prepayment Penalty | NONE |

### Explanation of Amount Due

*If you are Experiencing Financial Difficulty: You may call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287, or go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm for a list of homeowner counselors in counseling organizations in your area.*

| | |
|---|---|
| Principal | $368.02 |
| Interest | $830.64 |
| Escrow (for Taxes and Insurance) | $473.08 |
| Other | $0.00 |
| Current Payment Due 01/01/19 | $1,671.74 |
| Total Fees Charged Since Last Statement | $0.00 |
| Overdue Amount | $1,971.39 |
| **Total Amount Due** | **$3,643.13** |

### Transaction Activity (11/20/2018 to 12/07/2018)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 12/07/18 | 11Q018 PAYMT - THANK YOU | | $1,671.74 |

### Past Payments Breakdown

*Unapplied funds represent funds that are held in suspense awaiting final application. If this amount represents a partial payment, your payment will be applied upon receipt of the amount required to complete your payment.*

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $365.43 | $4,311.52 |
| Interest | $853.23 | $10,074.16 |
| Escrow (Taxes and Insurance) | $473.08 | $5,500.82 |
| Other | $0.00 | $0.00 |
| Fees | $0.00 | $26.25 |
| *Unapplied Funds | $0.00 | $0.00 |
| Total | $1,671.74 | $19,912.75 |

### IMPORTANT MESSAGES

Visit our website for important loan information. Tired of writing checks and paying postage? We offer a convenient system that automatically debits your payment each month from your checking or savings account. To take advantage of this *FREE* service, visit our website and complete the Automatic Payment (ACH) Authorization or contact Customer Service.



See Reverse Side For Additional Important Information   Please return this portion with your payment

Trevor Piester
Leslie Piester
137 Kensington Way
Royal Palm Beach FL 33414-4315

Check this box if your address or personal information has been updated on the reverse of this payment coupon.

Make Checks Payable To:



F7

| | |
|---|---|
| Payment Due Date: | 01/01/19 |
| Current Payment: | $1,671.74 |
| Past Due Amount: | $1,671.74 |
| Unpaid Late Charges: | $299.65 |
| Other Fees: | $0.00 |
| **TOTAL AMOUNT DUE:** | **$3,643.13** |
| After 01/17/19 Pay: | $3,703.06 |

Account Number:
0087033445

Amount Enclosed  $

Please do not fold, tape or staple check or coupon.
Please only use blue or black ink.

PAYMENT PROCESSING CENTER
PO BOX 11733
NEWARK, NJ 07101-4733

| Late Charge | $ |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Other Fees | $ |
| Total Amount paid | $ |

*See reverse side for instructions

DE 19-1 at 2.

Defendant argues that the statements were merely informational—they were not intended to collect a debt—and Defendant argues that it was required to send the statements pursuant to the Truth in Lending Act ("TILA"). For support, Defendant cites to a plethora of authority for the proposition that if a loan statement is sent pursuant to TILA, that statement does not qualify as debt collection activity, provided the statement does not stray from the specific requirements of the TILA statute. *E.g., Green v. Specialized Loan Serv. LLC*, 766 F. App'x 777, 784-85 (11th Cir. 2019).

In Response, Plaintiffs do not argue that, in the general sense, a TILA-generated loan statement is debt collection activity. Instead, Plaintiffs argue that a TILA-generated loan statement can be *both* informational *and* debt-collection activity—a proposition supported in the law. *E.g., Pinson v. Albertelli Law LLC*, F. App'x 551, 553 (11th Cir. 2015) ("A communication can have more than one purpose, for example, providing information to a debtor as well [as] collecting a debt."). Plaintiffs point to three components of the statements in this case that they argue qualify as debt collection: (1) the statements contain an amount due and payment due date, (2) the statements contain a payment coupon, and (3) the statements warn the Plaintiffs what may occur if payment was not made. DE 22 at 4.

Other plaintiffs have made similar arguments in this District and in this Circuit. For example, in *Brown v. Select Portfolio Servicing, Inc.*, No. 16-CV-62999, 2017 WL 115723 (S.D. Fla. Mar. 24, 2017), the district court considered a loan statement similar to the loan statement in the instant case. In *Brown*, the loan statement appeared as follows:

4

Customer Service: (800) 258-8602
Monday - Thursday 8:00AM - 11:00PM ET
Friday 8:00AM - 9:00PM ET
Saturday 8:00AM - 2:00PM ET

*For other important information, see reverse side*

# EXHIBIT "A"

Rosslyn Brown
10507 SW 19th St
Miramar, FL 33025-1753

| Account Number | |
|---|---|
| Property Address | 10507 SW 19TH ST MIRAMAR FL 33025 |
| Loan Due Date | 07/01/2008 [1] |
| Payment Due Date | 01/01/2016 |
| Amount Due | $207,882.15 |

*If payment is received after 01/16/2016, $75.11 late fee will be charged.*

### Account Information
| | |
|---|---|
| Interest Bearing Principal | $266,266.99 |
| Deferred Principal | $0.00 |
| Outstanding Principal [1] | $266,266.99 |
| Interest Rate (Fixed) | 5.000% |
| Prepayment Penalty | No |

### Explanation of Amount Due
| | |
|---|---|
| Principal | $571.17 |
| Interest | $931.14 |
| Escrow (Taxes and Insurance) | $692.44 |
| **Regular Monthly Payment** | **$2,194.75** |
| Unpaid Late Charges | $0.00 |
| Other Charges and Fees | $8,159.90 |
| Charges / Fees this Period | $0.00 |
| Past Due Payment(s) | $197,527.50 |
| Unapplied Payment(s) | $0.00 |
| **Total Amount Due** | **$207,882.15** |

### Transaction Activity (11/13/2015 to 12/15/2015)
| Date | Description | Prin Bal | Interest | Total |
|---|---|---|---|---|

### Past Payments Breakdown
| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | |
| Total | $0.00 | $0.00 |
| Total Unapplied Balance | $0.00 | |

### **Delinquency Notice**

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure -- the loss of your home.

As of December 15, you are 2,723 days delinquent on your mortgage loan.
* Payment due 12/2015: Unpaid payment of $2,194.75.
* Payment due 11/2015: Unpaid payment of $2,194.75.
* Payment due 10/2015: Unpaid payment of $2,194.75.
* Payment due 09/2015: Unpaid payment of $2,194.75.
* Payment due 08/2015: Unpaid payment of $2,194.75.
* Payment due 07/2015: Unpaid payment of $2,194.75.

Total: $207,882.15 due. You must pay this amount to bring your loan current.

SPS has completed the first notice or filing required to start a foreclosure.

**If You Are Experiencing Financial Difficulty:** See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement or address any questions regarding the statement at (888) 818-6032.

### Important Messages

[1] This amount is not a payoff quote. If you want a payoff quote, please see instructions on reverse side.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

We have paid Taxes and/ or Insurance on your behalf and you are responsible to reimburse us for these amounts plus interest which may be billed at the note rate.

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.

## MONTHLY PAYMENT COUPON

### Amount Due
| | |
|---|---|
| Borrower Name(s) | Rosslyn Brown |
| | 10507 SW 19th St |
| Account Number | |
| Due By 01/01/2016: | $207,882.15 |

$75.11 late fee will be charged after 01/16/2016

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

**Make checks payable to: Select Portfolio Servicing**

| | | |
|---|---|---|
| Monthly Payment | $ | - |
| Additional Principal | $ | - |
| Additional Escrow | $ | - |
| Late Fees | $ | - |
| Other (Please Specify) | $ | - |
| | | |
| Total Amount Enclosed | $ | - |

☐ Change of address or telephone? If so, check here and note changes on back

The *Brown* loan statement therefore: (1) showed an amount due with a payment due date, (2) contained a payment coupon, and (3) notified the plaintiff what could happen if the plaintiff did not pay. The *Brown* court found that the statement did not qualify as debt collection activity and was instead merely information that the sender was permitted to transmit pursuant to TILA. The *Brown* court's decision was based in part upon direct guidance from the Consumer Financial Protection Bureau. *Brown*, 2017 WL at *2-3. Other district courts have reached the same conclusion. *E.g., Jones v. Select Portfolio Serv., Inc.*, No. 18-CV-20289, 2018 WL 2316636 (S.D. Fla. May 2, 2018). Florida state courts are in accord. *See Vaneck v. DiscoverFinancial Servs.,* LLC, No. COCE14023621, 2015 WL 6775633 (Fla. 17th Cir. Ct. 2015). The Eleventh Circuit, in an unpublished decision, has reached the same conclusion as well. *Green*, 766 F. App'x 777 at 784-85. A loan statement that the Eleventh Circuit has held was not debt collection activity consisted of the following:

Mortgage Statement
Statement Date: 01/18/17

+ 0705433 000057209 9SPS1 0916645
PAUL A GREEN
SHUSTER & SABEN LLC
1413 S PATRICK DR STE 7
SATELLITE BEACH FL 32937-4374

| Account Number | 1006446180 |
|---|---|
| Payment Due Date | 02/01/17 |
| **Total Amount Due ‡** | **$178,567.78** |

If payment is received after 02/16/17, $0.00 late fee will be charged.

Property Address:
501 EDGEWOOD DR
MELBOURNE   FL 32901

### Account Information

| | |
|---|---|
| Outstanding Principal | $176,448.41 |
| Escrow Balance | $-56,404.06 |
| Partial Payment (Suspense)* | $0.00 |
| Deferred Principal: | $0.00 |
| Deferred Interest: | $0.00 |
| Other Deferred Amounts: | $0.00 |
| Interest Rate (Until 04/01/2017) | 6.850% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $316.49 |
| Interest | $903.15 |
| Escrow (for Taxes and Insurance) | $1,245.59 |
| Optional Product | $0.00 |
| Regular Monthly Payment | $2,465.23 |
| Total New Fees Charged | $11.35 |
| Past Due Amounts | $176,091.20 |
| Partial Payment (Suspense)* | $0.00 |
| **TOTAL AMOUNT DUE ‡** | **$178,567.78** |

### Transaction Activity (12/20/16 to 01/18/17)

| Date | Description | Total | Interest | Principal | Escrow (for Taxes and Insurance) | Optional Product | Fees/ Charges | Partial Payment (Suspense)* |
|---|---|---|---|---|---|---|---|---|
| 12/29/16 | FEES BILLED PROP INSPECTION FEE | 11.35 | 0.00 | 0.00 | 0.00 | 0.00 | 11.35 | 0.00 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees/Charges/Optional Product | $0.00 | $0.00 |
| Partial Payment (Suspense)* | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

### Important Messages

You are currently due for the 07/01/10 payment.

* **Partial Payments:** Any partial payments that you make are not applied to your mortgage, but instead are held in a suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage. However, if the loan is in foreclosure, unless funds are received pursuant to an agreed upon loss mitigation program, any additional funds received will be returned to you.

‡ **Amount to bring loan current:** Please note, if your account is past due, this amount may not include all fees or other amounts necessary to fully reinstate your loan. Please contact SLS at 1-800-306-6059 for a full reinstatement quote.

### **Delinquency Notice**

If You Are Experiencing Financial Difficulty: You may contact the U.S. Department of Housing and Urban Development (HUD) for a list of homeownership counselors or counseling organizations in your area, call 1-800-569-4287 or go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of January 18, 2017 you are 2393 days delinquent on your mortgage loan. Your loan is in foreclosure, the first notice or first legal filing has been completed on your loan.

Recent Account History

- Past due amount as of 08/01/16: $139,447.75
- Payment due 09/01/16: Amount Due $2,465.23
- Payment due 10/01/16: Amount Due $2,465.23
- Payment due 11/01/16: Amount Due $2,465.23
- Payment due 12/01/16: Amount Due $2,465.23
- Payment due 01/01/17: Amount Due $2,465.23
- 02/01/17: Current Payment Due $2,465.23
- Total Unpaid Fees, Charges, and Uncollected Escrow Amount: $24,328.65
- Total $178,567.78 due. You must pay this amount to bring your loan current.‡

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION AND DISCLOSURES.

### MONTHLY PAYMENT NOTICE

SPECIALIZED LOAN SERVICING LLC
P O BOX 636007
LITTLETON, CO 80163-6007

☐ Check if your address has changed and fill out form on reverse side, signature required.

LOAN NUMBER: 1006446180
DATE: 01/18/17

501 EDGEWOOD DR
MELBOURNE FL 32901

Please contact SLS at 1-800-306-6059 for a full reinstatement quote.

SPECIALIZED LOAN SERVICING LLC
P O BOX 636007
LITTLETON CO 80163-6007

This loan statement (1) contained an amount for an overdue payment with a payment due date, (2) arguably contained a payment coupon,[1] and (3) informed the recipient of what could happen if the recipient did not pay. And pursuant to Consumer Financial Protection Bureau TILA guidance, a loan statement may contain all of the above-listed information *and a payment coupon as well*. The sample, generic form for periodic loan statements published by the Bureau appears as follows:



---

[1] The front and back page of the statement contain: (1) a monthly payment notice, (2) boxes the recipient can check, (3) a return-address formatted in such a way as to permit easy return via mail, (4) instructions for payment, including payment by check, and (5) alternative payment options.

Appendix A to Part 1026—Closed-End Model Form and Clauses, Model Form H-30(b) (circular emphasis added).

In Response, Plaintiffs rely upon a single citation to a case that found that the inclusion of a payment coupon qualifies as debt collection activity: *Jackson v. Carrington Mortgage Services, LLC*, No. 17-CV-60516, 2017 WL 4347382 (S.D. Fla. Sept. 9, 2017). However, *Jackson* found that the inclusion of a payment coupon was debt collection activity because a payment coupon was an *addition* to the Bureau's model form but, as set forth above, the model form *includes* a payment coupon. *Id.* at *3.

In summary, the Court finds cases such as *Brown*, *Green*, and *Jones* persuasive and analogous to the instant case—Defendant's loan statements did not qualify as debt collection activity because they were "garden variety" TILA loan statements. *See Green*, 766 F. App'x at 785. As further amendment would be futile, Plaintiffs' claims premised upon the mortgage statements (Count I and Count II) are **DISMISSED WITH PREJUDICE**.

<u>Count III and Count IV</u>.

Plaintiffs third and fourth counts allege that telephone conversations between Defendant and Plaintiffs contained deceptive debt collection activity. Plaintiffs' Amended Complaint contains no factual allegations supporting these counts; instead, Plaintiffs rely upon communications "which will be obtained through discovery." DE 19 at 7. It is well settled that in determining a motion to dismiss, a court should not assume that the plaintiff can prove facts that were not alleged. *Quality Foods de Centro Am., S.A. v. Latin AM. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983). In Response, Plaintiffs are silent—Plaintiffs make no

argument to defendant Count III and Count IV. Those counts are therefore **DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND**.

IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 21] is **GRANTED** insofar as Count I and Count II are **DISMISSED WITH PREJUDICE** and Count III and Count IV are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file a second amended complaint by October 9, 2019. Because the amended pleadings deadline expired in this case on July 30, 2019, Plaintiffs' amended complaint may not bring any new claims that were not brought in Plaintiffs' Amended Complaint. In the event Plaintiffs do not file an amended complaint, the Court will close this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of October, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record